UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LISA D. QUIVEORS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 21-cv-2790 (APM) |
| ALEJANDRO N. MAYORKAS, ) | |
| SECRETARY, DEPARTMENT OF ) | |
| HOMELAND SECURITY ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION

### I.

Plaintiff Lisa Quiveors, a Black woman, is a Management and Program Analyst with the Chief Readiness Support Office of the United States Department of Homeland Security. Compl., ECF No. 1 [hereinafter Compl.], ¶¶ 4, 8. She originally filed this action in the Eastern District of Pennsylvania, alleging six different acts of discrimination and a breach of a prior EEO settlement agreement, all in violation of Title VII of the Civil Rights Act of 1964. *Id.* ¶¶ 15, 19–22. Defendant Secretary Alejandro Mayorkas filed a motion to dismiss for failure to state a claim, in which he also argued that venue was improper. Def.'s Mot. to Dismiss, ECF No. 6 [hereinafter Def.'s Mot.], at 15–17. The court in the Eastern District of Pennsylvania agreed that venue was not proper there and transferred the matter to this District. Order, ECF No. 11, at 1 & n.1.

Once in this District, Defendant filed a supplemental memorandum in support of his motion to dismiss. Mot. for Leave to File Suppl. Mem. in Supp. of Def.'s Mot. to Dismiss, ECF No. 14, Def.'s Suppl. Mem. of P. & A. in Supp. of Mot. to Dismiss, ECF No. 14-1 [hereinafter Def.'s Suppl. Mem.]. The court directed Plaintiff to respond to the Supplemental Memorandum, Minute

Order, Jan. 28, 2022, but Plaintiff declined to do so.  Defendant's motion is ripe for consideration.  The court grants the motion on the ground that Plaintiff failed to timely exhaust administrative remedies.

## II.

Under Title VII, plaintiffs "must timely exhaust their administrative remedies before" initiating a lawsuit in federal court.  *Payne v. Salazar*, 619 F.3d 56, 65 (D.C. Cir. 2010).  Administrative exhaustion requires two steps:  (1) a complainant first "must initiate contact with a[n EEO] Counselor within 45 days of" the alleged discriminatory incident, 29 C.F.R. § 1614.105(a)(1) (2022); and then, if counseling fails to resolve the issues, (2) file a complaint "with the agency that allegedly discriminated" "within 15 days of receipt of the notice" that signals the conclusion of the EEO counseling process, *id.* § 1614.106(a)–(c).  Failure to exhaust under "Title VII is an affirmative defense, not a jurisdictional requirement."  *Koch v. Schapiro*, 699 F. Supp. 2d 3, 12 (D.D.C. 2010).  Because "untimely exhaustion of administrative remedies is an affirmative defense," it is the defendant's burden to plead and prove it.  *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997).  Defendant has met his burden here.

Plaintiff alleges six different acts "that were motivated by her race and/or in retaliation for filing [an] EEO Complaint in September 2018," Compl. ¶ 15.  The actions include (1) Plaintiff's supervisor writing "inaccurate conclusions about [Plaintiff's] work performance in her FY 2019 Performance Plan," *id.* ¶ 15(a); (2) denying Plaintiff's request to telework to accommodate Plaintiff's medical issues in both December 2019 and February 2020, *id.* ¶ 15(b); (3) rejecting Plaintiff's request to temporarily transfer her to the Office of Civil Rights and Civil Liberties, *id.* ¶ 15(c); (4) issuing a formal Letter of Reprimand to Plaintiff for failing to follow instructions on March 18, 2020, *id.* ¶ 15(d); (5) denying Plaintiff's administrative grievance of the Letter of

Reprimand in April 2020, *id.* ¶ 15(e); and (6) rejecting a further appeal of the denial of Plaintiff's administrative grievance over the same Letter by another of Plaintiff's supervisors, *id.* ¶ 15(f).

Plaintiff's first four claims were not timely exhausted. Plaintiff did not contact an EEO counselor until May 5, 2022. Def.'s Mot., EEO Counselor's Report, ECF No. 6 [hereinafter EEO Counselor's Report], at 22–23. The latest of Plaintiff's first four claims was the issuance of the Letter of Reprimand, which occurred on March 18, 2020. Compl. ¶ 15(a)–(d). This was 48 days before Plaintiff initiated the EEO counseling process, so none of those first four claims have been administratively exhausted. Plaintiff does not contest that she reported none of her first four claims to an EEO counselor within the required 45-day period.

The remaining two claims are not exhausted for a different reason. "Filing a formal complaint is a prerequisite to exhaustion. . . . [A plaintiff] cannot rely on the EEO counseling report to establish exhaustion of a claim that he failed to include in [her] formal report." *Hamilton v. Geithner*, 666 F.3d 1344, 1350 (D.C. Cir. 2012). Plaintiff's administrative grievance and appeal of the Letter of Remand both occurred in April 2020, so the EEO counseling process was timely as to each of them. When Plaintiff timely filed her administrative complaint on August 15, 2020, however, she omitted these final two claims. *Compare* Def.'s Mot., Pl.'s Administrative Compl., ECF No. 6, at 30 ("Issuance of a Letter of Reprimand on March 18, 2020 alleging Failure to Follow Instructions and DHS's refusal to withdraw the Letter of Reprimand."), *with* Def.'s Mot., Pl.'s Administrative Compl., ECF No. 6, at 57 (dropping the "and DHS's refusal to withdraw the Letter of Reprimand" language). Because Plaintiff failed to include the final two claims in her formal complaint, she failed to administratively exhaust them.[1]

---

[1] The D.C. Circuit has allowed plaintiffs to bring claims not expressly contained in a formal charge that are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Howard v. Dist. of Columbia Water and Sewer Auth.*, 924 F.3d 519, 526 (D.C. Cir. 2019) (internal quotation marks omitted). Plaintiff has not argued that her last two claims, which related to denials of her grievance and appeal, are "like or reasonably related"

3

Plaintiff's counterarguments are unavailing. First, with respect to the timeliness of her fourth claim,[2] Plaintiff contends that the start date for the 45-day clock is the date her final appeal was denied on April 29, 2020, rather than March 18, 2020, the date the Letter of Reprimand was issued. Pl.'s Answer to Def.'s Mot. to Dismiss, ECF No. 8, Pl.'s Mem. of Law in Opp'n to Def.'s Mot. to Dismiss, ECF No. 8-1 [hereinafter Pl.'s Opp'n], at 3. But the issuance of the Letter is a discrete act that is distinct from Plaintiff's grievance and appeal, so this argument fails. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 102 (2002) (stating that, for purpose of Title VII's time limits, "each discrete act starts a new clock for filing charges alleging that act").

Next, Plaintiff brings forward a threadbare argument that the court should equitably toll the EEO deadlines because the COVID-19 pandemic caused "chaos" and "defendant has failed to explain how [Plaintiff's delay] prejudiced it in any way defending against" her claims. Pl.'s Opp'n at 4. Equitable tolling is to be used "sparingly." *Morgan*, 536 U.S. at 113. It is reserved for instances where an employee was ignorant of the filing deadlines, lacked "reasonable suspicion" of the discrimination at the time it occurred, *see Aceto v. England*, 328 F. Supp. 2d 1, 5, (D.D.C. 2004), or where an employer affirmatively acted to mislead and prevent an employee from filing an EEO complaint, *Klugel v. Small*, 519 F. Supp. 2d 66, 73 (D.D.C. 2007). Here, "Plaintiff does not argue that she was unaware of the filing deadlines, that she did not have a reasonable suspicion of discrimination, or that the Department misled her regarding the applicable limits for timely

---

to the last of the four claims, i.e., the discriminatory issuance of the Letter of Reprimand. Even if she had made that argument, the court would have rejected it. Her claims about the grievance process do not naturally follow from her assertion that the Letter of Reprimand's issuance was discriminatory. *See Payne*, 619 F.3d at 65 ("[F]or a charge to be regarded as 'reasonably related' to a filed charge . . . , it must at a minimum . . . arise from the administrative investigation that can reasonably be expected to follow the charge of discrimination." (internal quotation marks and alteration omitted)).

[2] Plaintiff seemingly concedes that she did not timely initiate the EEO counseling process for the three prior acts in question, relating to the FY 2019 Performance plan, her request for a medical accommodation, and her request for approval for a temporary detail. *See* Pl.'s Answer to Def.'s Mot. to Dismiss, ECF No. 8, Pl.'s Mem. of Law in Opp'n to Def.'s Mot. to Dismiss, ECF No. 8-1, at 3–4 (focusing solely on the Letter of Reprimand).

contacting an EEO counselor." Def.'s Suppl. Mem. at 14–15. Nor does she cite any authority for the proposition that the absence of prejudice alone warrants equitable tolling. Plaintiff's argument for equitable tolling therefore fails.[3]

### III.

Because Plaintiff did not administratively exhaust her claims, Defendant's Motion to Dismiss, ECF No. 6, is granted. A final, appealable order accompanies this Memorandum Opinion.

Dated: April 6, 2022

Amit P. Mehta
United States District Court Judge

---

[3] In her complaint, Plaintiff also alleges that Defendants discriminated and retaliated against her by breaching a settlement agreement arising out of her prior EEO activity. Compl. ¶¶ 11, 14. But Plaintiff fails to develop the argument in her opposition to Defendant's motion, so the court treats it as conceded.